UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-CR-16-01-F
No. 2:08-CV-34-F

| | | |
|---|---|---|
| COREY LEVON JOYNER, )<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | | O R D E R |

This matter is before the court for ruling on the Government's Motion to Dismiss [DE-#75] Corey Levon Joyner's ("Joyner") § 2255 motion. The Government contends that Joyner's September 2, 2008, Motion to Vacate, Set Aside, or Correct his sentence [DE #70][1] fails to state a claim a claim upon which relief may be granted, and therefore must be dismissed pursuant to Rule 12(b)(6), FED. R. CIV. P. Joyner filed a Response [DE-78] in opposition to the Government's motion. Additionally, Joyner filed a Motion to Reduce Sentence [DE-79], seeking a further reduction in his sentence in light of the anticipated[2] amendment to the crack/powder cocaine ratio in federal sentencing.

---

[1] At the court's direction, Joyner re-filed his § 2255 motion on the form approved for use in this district on September 16, 2008 [DE-73]. The court hereinafter will refer to his corrected § 2255 motion as ["DE-70/73"].

[2] At the time Joyner filed his motion, only the Senate had passed Senate Bill 1789 ("The Fair Sentencing Act"). President Obama signed the bill into law on August 3, 2010.

# MOTION TO REDUCE SENTENCE
# IN LIGHT OF
# AMENDMENT TO POWDER/CRACK RATIO

Joyner explains in his Motion to Reduce Sentence [DE-79], purportedly filed pursuant to 18 U.S.C. § 3582(c)(2), that he failed to receive a two-point reduction in his sentence under the retroactive crack amendment, advisory USSG Amendment 709, because he was sentenced as a career offender. Now that Congress has enacted legislation reducing the crack/powder ratio from 100:1 to 18:1, he contends it would be inequitable for him not to receive the benefit of that advantageous shift in policy. He urges the court to exercise its discretion and conduct a hearing on the matter.

In its discretion, the court declines Joyner's invitation to revisit his sentence in light of newly enacted "The Fair Sentencing Act," S. 1789. Nothing in that legislation hints at retroactivity, and there has been no amendment in the advisory Sentencing Guidelines applicable to his situation. Joyner's Motion to Reduce Sentence [DE-79] is DENIED.

# MOTION TO DISMISS JOYNER'S
# § 2255 PETITION

The gravamen of Joyner's § 2255 petition is that his trial counsel rendered ineffective assistance in failing to object to the court's use of "five non-qualifying" prior felony drug convictions to sentence him as a "career offender" under advisory USSG § 4B1.1. The court deems Joyner's contentions meritless.

Joyner was sentenced as a career offender based on three predicate felony drug convictions specifically identified in the Presentence Report in paragraphs 24, 25 and 31: ¶ 24, a felony conviction in Northampton County, North Carolina, for possession with the intent to sell or deliver cocaine on July 19, 1991, for which he was sentenced to three years in custody; ¶ 25, felony convictions in Northampton County, North Carolina, for possession with intent to sell and deliver marijuana, and for possession with intent to sell and deliver cocaine on January 14,

2

1994, for which he was sentenced to five years in custody and ten years, suspended, respectively; and ¶ 31, a felony conviction in Northampton County for possession of cocaine on February 27, 1999, for which he was sentenced to 8 to 10 months custody, suspended, plus 24 months probation. All of these offenses for which the predicate convictions were counted are punishable by imprisonment for more than one year, which is how "felony" is defined for purposes of the "career offender" enhancement under advisory USSG § 4B1.1. Actual imprisonment for a year or less does not vitiate the conviction as a predicate under USSG § 4B1.1, nor does a state's designation of an offense as a "misdemeanor," if it is punishable by more than a year in prison. Moreover, career offender designation requires proof only of at least *two* prior felony controlled substance offense convictions. *See* advisory USSG § 4B1.1 (a).

Joyner's trial counsel cannot have rendered ineffective assistance by failing to lodge a factually and legally baseless objection. Accordingly, because Joyner's § 2255 motion [DE-70/73] fails to state a claim upon which relief may be granted, the Government's Motion to Dismiss [DE-75] is ALLOWED and this action is DISMISSED. The court finding no basis therefor, a Certificate of Appealability is DENIED.

SO ORDERED.

This, the 4th day of August, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge